```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
                                          ------x
                                                :
    UNITED STATES OF AMERICA,                   :
                                                :   Case No. 1:24-cv-02667
            Plaintiff,                          :
                                                :
        v.                                      :
                                                :
    GURPREET SINGH,                             :
                                                :
            Defendant.                          :
                                          ------x
```

**PLAINTIFF UNITED STATES' MOTION FOR DEFAULT JUDGMENT**

Plaintiff United States of America, pursuant to Fed. R. of Civ. P. 55(b), moves this Court for entry of default judgment against Defendant Gurpreet Singh for his non-willful failures to report his interests in various foreign bank accounts. At the United States' request, on August 28, 2024, the Clerk of Court entered a certificate of default against Singh under Fed. R. Civ. P. 55(a) after he failed to answer or otherwise respond to the Complaint. The United States now asks the Court to grant default judgment in favor of the United States and against Singh. This motion is supported by the attached memorandum of law.

WHEREFORE, the United States requests a judgment against Gurpreet Singh in the total amount of $33,901.80 as of April 1, 2024, plus interest and penalty according to law.

> DAVID A. HUBBERT
> Deputy Assistant Attorney General
> U.S. Department of Justice, Tax Division
>
> */s/ Franklin D. Sandrea-Rivero*
> FRANKLIN D. SANDREA-RIVERO
> Trial Attorney
> U.S. Department of Justice, Tax Division
> P.O. Box 55
> Washington, D.C. 20044
> Tel: (202) 353-2121 / Fax: (202) 532-3714
> Franklin.Sandrea-Rivero@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
: 
UNITED STATES OF AMERICA, :
:  Case No. 1:24-cv-02667
  *Plaintiff,* :
:
v. :
:
GURPREET SINGH, :
:
  *Defendant.* :
---------------------------------------------------------------x

**PLAINTIFF UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Plaintiff United States of America, pursuant to Fed. R. Civ. P. 55(b)(2), submits this memorandum in support of its motion for default judgment against Defendant Gurpreet Singh. The memorandum of law is based upon the allegations in the Complaint, the declaration of the undersigned, and Internal Revenue Service records relating to the defendant's assessments.

**Background**

Each year, United States citizens who hold a financial account in a foreign country are required to report the account to the Treasury Department. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350 (2011). It is not illegal to hold a foreign account, but failing to report it annually can lead to a civil penalty. The form on which the report is made is the Report of Foreign Bank and Financial Account, often referred to as an "FBAR," and the civil penalty for failing to file it is known as an "FBAR penalty." Unless the failure to report the account is willful, the amount of the penalty is capped at $10,000 per violation. 31 U.S.C. § 5321(a)(5)(B)(i).

An FBAR requires a United States person to disclose for the calendar year being reported, among other things, the maximum value of each foreign account, the type of account,

1

the name of the financial institution in which the account is held, the account number or other designation, and the mailing address of the financial institution in which the account is held. 31 C.F.R. § 1010.420. For calendar year 2015, an FBAR was due by June 30 of the following year where any United States person held foreign financial accounts where there aggregate exceeded $10,000.00 at any time during the previous calendar year. 31 C.F.R. § 1010.306(c). For calendar years 2016 and later, the annual due date for filing an FBAR is April 15. Public Law 114-41, § 2006(b)(11).

From 2015 through 2017, Defendant Gurpreet Singh held financial accounts in India. He did not, however, file timely FBARs for those calendar years. The IRS assessed civil FBAR penalties against Singh for his failure to timely report his accounts.

On April 11, 2022, the United States filed this action against Singh to reduce to judgment unpaid civil FBAR penalties that were assessed against him under 31 U.S.C. § 5321(a)(5) for the calendar years 2015, 2016, and 2017. *See* Complaint, ECF No. 1. As explained in the complaint, Singh is liable for penalties under § 5321(a)(5) because he failed to timely report his interests in foreign accounts he held in each of those three years. *See* 31 U.S.C. § 5314. These foreign accounts were as follows:

| Bank | Account No. | 2015 | 2016 | 2017 |
|---|---|---|---|---|
| HDFC Bank | *********5502 | $15,285.00 | $2,380.00 | $25,166.00 |
| ICICI Bank | *****8059 | $240.00 | $233.00 | $105.00 |
| ICICI Bank | ********5023 | $46,297.00 | $40,963.00 | $245,348.00 |
| ICICI Bank | ********5147 | $7,151.00 | $11,734.00 | $743.00 |
| ICICI Bank | ********5156 | $46,656.00 | $7,492.00 | $1,622.00 |
| Kotak Mahindra Bank | *********2320 | $849.00 | $1,506.00 | $2,298.00 |

2

| Royal Bank of Scotland | **3068 | $9,210.00 | Closed | N/A |
|---|---|---|---|---|
|  |  |  |  |  |
| TOTAL |  | $125,688.00 | $64,308.00 | $275,282.00 |

ECF No. 1 at ¶ 5. Pursuant to Local Rule 55.2(b), a copy of the complaint is attached as Exhibit A. As shown in the Affidavit of Department of Justice Trial Attorney Franklin D. Sandrea-Rivero, attached as Exhibit B, Singh is not an infant or incompetent, and, based on a search of the Servicemembers Civil Relief Act database conducted on September 21, 2024, Singh is not on active duty or member of the military. Declaration of Franklin D. Sandrea-Rivero at ¶¶ 3–4.

Singh was served with a copy of the summons and complaint but failed to answer or otherwise respond to the complaint in the time allotted. The United States personally served Singh with the summons and complaint on April 18, 2024. (Doc. 5). Singh has not answered the complaint, and the time within which he could have done so under Federal Rules of Civil Procedure 12(a)(1)(A)(i) has expired.

On August 28, 2024, the United States filed a Request for Entry of Default Against Gurpreet Singh. (Doc. 6). On the same day, the Clerk of Court entered a Certificate of Default against Singh, a copy of which is attached to this motion as Exhibit C. (Doc. 7).

**Argument**

A. <u>Default Judgment</u>

Default judgment is appropriate in this case. In determining whether to grant a motion for default judgment, courts are "guided by the same factors which apply to a motion to set aside entry of a default. These factors are 1) whether the defendant's default was willful; 2) whether

defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017).

Further, in conjunction with these factors, the Court may consider whether the defendant was properly served in the context of determining whether default judgment is proper. *See, e.g.*, *Avanti Enter., Inc. v. A&T Produce, Inc.*, 2010 WL 3924771, at *1 (E.D.N.Y. July 21, 2010), *report and recommendation adopted by* 2010 WL 3909243 (E.D.N.Y. Sept. 30, 2010). Here, Singh was personally served in accordance with Fed. R. Civ. P. 4 on August 18, 2024, via a process server, who provided a true copy of the summons and complaint to Singh. The United States filed proof of such service on the docket. (Doc. 5).

Singh's default satisfies the three factors that weigh in favor of a default judgment: his default was willful, his failure to answer the complaint illustrates a lack of a meritorious defense, and the United States would be greatly prejudiced if the motion were denied because the United States would be unable to collect against Singh's outstanding FBAR liabilities.

As to the first factor, the Second Circuit has construed a "willful default" as a default that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). "[T]he failure of [Defendants] to respond to the Complaint sufficiently demonstrates willfulness." *United States v. Volpe*, No. 11-CV-3922 JS ARL, 2012 WL 2885005, *2 (E.D.N.Y. July 12, 2012). Singh was served with a copy of the summons and complaint, yet he failed to answer or otherwise respond to the complaint within the allotted time. (Doc. 5). As such, Singh's default was willful.

With regard to the second factor, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make." *American Alliance Ins. Co. v. Eagle Ins. Co.*,

4

92 F.3d 57, 61 (2d Cir. 1996). To present a meritorious defense, a defendant "must present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740. "A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *Myers*, 236 F. Supp. 3d at 706.

Singh has not presented any defense whatsoever, and the allegations in the complaint are deemed admitted by virtue of the entry of a Certificate of Default against him. *See Chen v. Jenna Lane, Inc.*, 30 F. Supp. 2d 622, 623 (S.D.N.Y 1998); *see also Myers*, 236 F. Supp. 3d at 707 ("[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which weighs in favor of granting a default judgment."). "Moreover, once a default is established, a district court is authorized to accept evidentiary proof in support of additional facts." *Fed. Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, No. 04-CV-4971 NG MDG, 2014 WL 2594340, at *3 (E.D.N.Y. June 10, 2014).

"A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *Myers*, 236 F. Supp. 3d at 706. The well plead factual allegations in the complaint show that Singh is liable for the non-willful FBAR penalties. To prove liability, the United States must satisfy five elements:

(1) The person is a U.S. citizen or other "U.S. person," i.e., "subject to the jurisdiction of the United States," during the reporting period;

(2) The person must have had "a financial interest in, or signature or other authority over, a bank, securities or other financial account;"

(3) The account must have been located in a foreign country;

(4) The balance in the account (or aggregate balance of more than one account) must have exceeded $10,000 at some point during the reporting period; and,

5

(5) The person must have failed to report the account as required.

31 U.S.C. §§ 5314, 5321(a)(5)(A) and (B)(i); *see also* 31 C.F.R. § 1010.650(a)–(c), (e)–(f); 31 C.F.R. § 1010.306(c). The United States alleged facts supporting each of these elements for Singh in its complaint. (Doc. 1). As stated in the complaint:

- (1) Singh was a "citizen of the United States or a person in, and doing business in, the United States" under 31 U.S.C. § 5314(a) and a United States person under 31 C.F.R § 1010.350(a)–(b), during calendar years 2015, 2016, and 2017. ECF No. 1 at ¶¶ 4, 9–10.
- (2) Singh had a financial interest in and/or signature authority over financial accounts. *Id.* at ¶¶ 5, 11.
- (3) The accounts were foreign and held in the country of India. *Id.* at ¶¶ 5, 12.
- (4) The aggregate balance of these accounts exceeded $10,000 during the reporting periods for 2015, 2016, and 2017. *Id.* at ¶¶ 5, 13.
- (5) Singh failed to timely report his accounts in 2015, 2016, and 2017, as required. *Id.* at ¶¶ 14–16.

The IRS assessed penalties against Singh for his failure to file an FBAR in 2015, 2016, and 2017, and such amounts have not been paid. Additionally, the government is aided by a presumption of correctness of the FBAR determination. *See United States v. Kelly*, No. 21-cv-12570, 2023 WL 3212718, at *4 (E.D. Mich. May 2, 2023). As Singh has not presented a meritorious defense to the United States' valid claims, default judgment should be entered against him.

With regard to the third factor, denying the United States' motion for default judgment would be prejudicial to the United States. Here, the United States would be prejudiced if its

6

motion for default judgment were denied because the United States would be inhibited in its collection of Singh's FBAR penalties. There is no other avenue by which the United States could seek the same relief as it has requested here, and denying the motion would thus be prejudicial to the United States. *See Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06 CIV. 14226RLCRLE, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). Default judgment should therefore be entered against both Defendants.

    B.    <u>Amount due</u>

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. Rather, Plaintiff must prove damages." *Volpe*, 2012 WL 2885005, at *2 (internal citation omitted). The United States is not seeking damages in this case but instead is seeking to reduce Singh's civil penalties to judgment.

Insofar as the amount of the penalties must be proven, the complaint, the IRS's Form 13448 Penalty Assessment Certifications, attached as Exhibit D, and the IRS's summary worksheet, attached as Exhibit E, provide sufficient basis for the Court to determine the proper penalties to be assessed against Defendants, without the need for a hearing. The IRS is entitled to assess a penalty of up to $10,000 per non-willful FBAR violation. 31 U.S.C. § 5321(a)(5)(B)(i). In the recent decision of *United States v. Bittner*, 598 U.S. 85 (2023), the Supreme Court held that the $10,000 maximum penalty for non-willful failure to file an FBAR accrues on a per-report, rather than a per-account, basis. *Id*. at 103. The IRS's assessment against Singh is in line with the ruling, as the IRS assessed $10,000 for each of the three annual reports that Singh failed to file. *See id*.

Singh's total outstanding balance due, including interest and late payment penalties, minus any applicable payments and/or credits, as of April 1, 2024, is $33,901.80.  *See* Exhibit E.

**Conclusion**

For the reasons provided here, the Plaintiff United States' motion should be granted, and a default judgment should be entered against Defendant Gurpreet Singh, as set forth in the proposed judgment attached to this motion.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Franklin D. Sandrea-Rivero*
FRANKLIN D. SANDREA-RIVERO
Trial Attorney
U.S. Department of Justice, Tax Division
Post Office Box 55
Washington, D.C. 20044
Tel: (202) 353-2121 / Fax: (202) 532-3714
Franklin.Sandrea-Rivero@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2024, I filed the foregoing document through the ECF system and will cause the foregoing document to be sent via U.S. First Class mail, postage prepaid, to the parties who do not receive ECF notifications as follows on September 30, 2024:

Service List

Gurpreet Singh
7 Roads End
Brookville, NY 11545

*/s/ Franklin D. Sandrea-Rivero*
FRANKLIN D. SANDREA-RIVERO
Trial Attorney
U.S. Department of Justice, Tax Division